**Irene Grivas**
Pro Se Plaintiff
426 S. West End Avenue
Lancaster, PA 17603
Phone: 717 291-5790

### IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IRENE GRIVAS**,** <br><br> Plaintiff, <br><br> v. <br><br> DANENE SORACE, Mayor of Lancaster, et al., <br><br> Defendants. | Civil Action No.: _____ <br><br> **A JURY OF TWELVE (12) DEMANDED** |

## INTRODUCTION

1. This case arises from egregious violations of constitutional and statutory rights perpetrated by the Mayor of Lancaster, Danene Sorace, and several city officials and entities, which have conspired to discredit, harass, and ultimately disenfranchise Plaintiff Irene Grivas. Through a pattern of abuse of administrative power, defamation, slander, conspiracy, collusion, perjury, and exploitation, Defendants have systematically targeted Plaintiff to further their own political and economic interests, thereby causing substantial harm to Plaintiff's reputation, property rights, and civil liberties.

2. Specifically, Plaintiff alleges that Defendants have manipulated public and legal processes to condemn her property unjustly, engaged in public defamation to damage her reputation and block her attempts to remedy the unwarranted condemnation, and used their official positions to foster an environment hostile to Plaintiff's legal challenges against their actions. These actions are part of a broader strategy to remove Plaintiff from her property and silence her opposition to city policies favoring real estate development over the rights and interests of long-standing residents.

3. By filing this action, Plaintiff seeks to hold Defendants accountable for their unlawful actions, to restore her rights, and to ensure such abuses of power are not perpetuated against her or other citizens. Plaintiff invokes this Court's jurisdiction to assert her rights under the First and Fourteenth Amendments of the United States Constitution, and pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985, seeking both injunctive relief and damages for the harms inflicted by Defendants' misconduct.

4. Plaintiff's claims highlight the critical importance of governmental accountability, the protection of individual rights against the misuse of public office, and the fundamental principles of justice and equity that underpin the rule of law in a democratic society. Through this Complaint, Plaintiff seeks redress for the violations of her federally protected rights and aims to reaffirm the principles of due process and equal protection under the law.

## PARTIES

5. Plaintiff Irene Grivas is an individual residing at 426 South West End Avenue, Lancaster, PA 17603. Plaintiff is the owner of the property located at 901 Manor Street, Lancaster, PA, which has been subject to condemnation and other disputed actions as detailed herein. Plaintiff brings this action in her capacity as a private citizen who has suffered direct and substantial injury due to the actions of the Defendants.

6. Defendant Danene Sorace is the Mayor of Lancaster, Pennsylvania. At all times relevant to this complaint, Defendant Sorace was acting in her official capacity as Mayor and is sued both in her official and personal capacities. Her actions, as detailed herein, were carried out under the color of state law.

7. Defendant John Lefever is an official with the City of Lancaster's Bureau of Building Code Administration. He is sued in both his official and personal capacity for his role in the administration of building codes and enforcement actions relevant to Plaintiff's property to arbitrary require erroneous building permits that is contrary to the city's policy and procedures.

8. Defendant Randy King is a City Housing Supervisor Inspector in Lancaster, Pennsylvania. He is sued for both in his official and personal capacity for his role in inspecting Plaintiff's property and contributing to the reports and actions that form the basis of this complaint and failing to credit items completed and listed in condemnation during the October 1, 2021 walkthrough inspection that was also attended by Rebecca Geiser (Deputy Director, Health and Housing), John Lefever, Plaintiff with her contractor (Dennis Shaffer) and attorneys (O'Rourke and Wolman) on both sides. His dereliction of duties and involvement with Property

2

Reinvestment Board, Church World Services and, who knowingly perjuring himself on multiple occasions with fabricated allegations of construction work done without a permit in obtaining two separate unlawful search warrants to board up and lock plaintiff's property with denied access for financial gain with continued unjustifiable citations.  Including untimely alleged systematic inspections on other properties with up to three inspectors to harass and exploit plaintiff and her tenants to cause undue hardship in retribution to filing complaints with the Pennsylvania Human Relations Commission (PHRC).

9. Defendant Rebecca Geiser is a Deputy Director, Health, and Housing including the chairwomen for the Property Reinvestment Board for City of Lancaster, Pennsylvania.  She is sued for inaction to lift the condemnation after the completion of the itemized list upon the walkthrough inspection on October 1, 2021.  Also perjured herself by signing a verification to a public nuisance complaint knowing the allegations were false on previous extermination treatments and inspections, revoked license, fabricated allegations of lacking bathroom and kitchen sinks and more.  Including but not limited to setting Plaintiff up for failure by singling out to exclude Plaintiff and her tenants from receiving any of the American Rescue Plan Act (ARPA) grants available to city residents.

10. Defendant Stefany Snyder is a City Bureau of Solid Waste and Recycling coordinator for Lancaster, Pennsylvania.  She is a next door neighbor and is sued both in her official and personal capacity for instigating ongoing subsequent slandering actions for over ten (10) years. Her involvement with Penn Waste on disposal of trash cans, uncollected weekly trash, prevention of yard waste bag pickup, suspension of street cleaning, baiting sewer lines, exterminations services, countless citations, Defaming plaintiff to neighbors, tenants, prospective applicants, contractors, real estate investors, trespassing and peeking through Plaintiff's windows, throwing egg shells over fence, false allegations of unpaid rental licenses, ticketing for parking on plaintiff's property, discrimination, citations, condemnation and untimely inspections.

11. Amanda Bakay, City Council President for Lancaster, Pennsylvania.  She is sued for inaction and dereliction of duties in over three years as a public servant by failing to act and address ongoing concerns, citations, lockouts, condemnation, and allowing defamatory statement made during the city council meeting report of the mayor on August 13, 2024. Influenced to benefit from the condemnation and redevelopment of Plaintiff's property.  While turning a blind eye to the ARPA allocation of recipient organizations with personal ties to city officials. Chad Martin, husband of former Chief of Staff Jess King; is on the board of Chestnut Housing Corp; and Christian Recknagel, Mayor Danene Sorace's husband, chairs and board of Lancaster Lebanon Habitat for Humanity, Mayor's brother Chris with Benchmark Construction, Jaime Arroyo, City Council Vice President and CEO of Assets, SACA and voting member as

recipients for Assets and SACA on allocation of ARPA funding including councilwomen Faith Craig involvement and voting member while also employed by Assets. Councilor John Hurst hypocritical involvement and Chair, Public Works Committee Member, Economic Development and Personnel Committees. Particularly, a voting member on the Property Reinvestment Board (PRB) believed to set the Plaintiff up for failure while betraying the publics trust lacking transparency without democracy for socialism and gentrification.

12. The City of Lancaster is a municipal entity responsible for the governance and administration of Lancaster, Pennsylvania. The City is sued as the employer of the individual municipal defendants and for practices and policies that have allegedly violated Plaintiff's rights.

## JURISDICTION AND VENUE

13. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 as this action involves claims arising under the Constitution and laws of the United States, including but not limited to violations of Plaintiff's rights under the First and Fourteenth Amendments of the U.S. Constitution. Additionally, jurisdiction is supported by 28 U.S.C. § 1343(a) as this complaint seeks redress for the deprivation, under color of state law, of rights, privileges, and immunities secured by the Constitution and laws of the United States.

14. Supplemental Jurisdiction over state law claims is exercised pursuant to 28 U.S.C. § 1367, as those claims form part of the same case or controversy under Article III of the United States Constitution.

15. Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district, and the Defendants reside in this district. The property at issue is located within this district, and the actions that are the subject of this complaint, including public statements and enforcement actions, took place in Lancaster, which is within the jurisdiction of this Court.

16. **No Adequate Remedy at Law:** Plaintiff asserts that monetary damages alone are insufficient to remedy the harms suffered. The injunctive relief sought herein is necessary to prevent ongoing and irreparable injury to Plaintiff's property rights and reputational interests, which cannot be adequately compensated by monetary damages alone.

## STATEMENT OF FACTS

17. Plaintiff, Irene Grivas, is the owner of the property located at 901 Manor Street, Lancaster, Pennsylvania (hereinafter referred to as "the Property"). Plaintiff has owned this

Property since 1998 and has been involved in managing and maintaining it as a residential rental property.

18.  On September 21, 2021, the City of Lancaster, acting through its officials, including Defendants Randy King, and Rebecca Geiser, wrongfully filed a Public Nuisance Complaint after condemning the Property citing various code violations, which Plaintiff contends were grossly exaggerated or unfounded. The condemnation was part of an administrative push influenced by Mayor Danene Sorace, who has been targeting properties for redevelopment, benefiting investors over community residents. And blocked to impede the Plaintiff's exhaustive efforts in lifting the condemnation. and, strategically singling out Plaintiff by excluding her from receiving any grants available through the American Rescue Plan Act (ARPA), Critical repair Program, or Community Development Block Grants (CDBG) including any of the lead programs despite the numerous applications submitted for Healthy Homes. Defendants also used subterfuge actions to instead pressure Plaintiff to selling her property to the pouncing special interest groups.

19.  On August 13, 2024, during a city council meeting, Mayor Danene Sorace publicly made contradictory, hypocritical, and derogatory statements regarding Plaintiff, falsely accusing her of causing financial burdens on the city and alleging that all legal filings by Plaintiff concerning the Property were unfounded and denied without merit while city repeatedly blocked Plaintiff's exhaustive efforts to lift condemnation despite the submitted certifications along with eleven (11) systematically and untimely denied permit applications. Particularly, when permits are not typically even required to exterminate on a rat or rodent infestation. Betraying the public's trust by erroneously stating Plaintiff sent a harassing email to city staff member for demanding actions from public servants who were unwilling and failed to do their job.  Contrary to the facts, Mayor Sorace repeatedly contradicting herself on fabricated claims of tenant complaints for justifying untimely systematic inspections. Moreover, abusing her authority with undue influence to block Plaintiff from filing any criminal charges on vandalism, theft, trespassing, illegal dumping and more to any of Plaintiff's properties.  These statements were made without any substantiation from ongoing legal proceedings and were broadcast publicly, damaging Plaintiff's reputation. **See attached Exhibit "A."**

20.  Mayor Sorace further exacerbated the situation by making public, unfounded allegations of numerous complaints including lead poisoning at a different Property (817 Sixth Street), ahead of a critical hearing set for October 21, 2024 which was ultimately dismissed in Plaintiff's favor. These allegations were made in the absence of conclusive tests and pending Plaintiff's Right to Know requests, aiming to prejudice public and judicial opinion against Plaintiff that caused substantial and severe irreparable harm.

21.   Following the damaging statements and actions, Plaintiff submitted a demand letter on September 10, 2024, to Mayor Sorace, seeking a public apology and retraction of the false statements. Mayor Sorace failed to respond to this letter, further ignoring Plaintiff's rights and requests for corrective action. **See attached Exhibit "B."**

22.   Plaintiff believes and therefore avers that Mayor Sorace, along with city inspectors, Benchmark Construction, and representatives from Church World Services, has been part of a broader conspiracy to displace existing residents, including Plaintiff, to make way for real estate developments. These actions have involved collusive behavior with potential financial benefits to involved parties, including pushing for Plaintiff's property to remain condemned to facilitate control over the property in the midst of a housing crisis.

23.   Defendants, through their roles and actions, have not only neglected their duties to fairly and impartially enforce city codes but have actively used their positions to manipulate legal and administrative processes. This misuse of power is aimed at dispossessing Plaintiff of her property without due process, as evidenced by the repeated, unfounded condemnations to engage in fair hearings. Further oppressing and suppressing by requiring erroneous permit applications to which all eleven (11) permit applications were systematically and untimely denied and/or withdrawn on completed items despite the submitted certifications which should have immediately lifted the condemnation and provided a residential occupancy license upon compliance.

24.   As a direct result of Defendants' actions, Plaintiff has suffered significant financial losses due to the inability to rent the Property, legal costs, and severe reputational damage. The unfounded public allegations and the manipulated condemnatory actions have placed an indelible stain on Plaintiff's standing in the community and her ability to conduct business which has caused irreparable harm and undue hardship.

### CAUSES OF ACTION
### COUNT I: DEFAMATION (Against All Defendants)

25.   Plaintiff reiterates and incorporates herein by reference all preceding paragraphs of this Complaint as though fully set forth herein.

26.   Defendants, particularly Mayor Danene Sorace, made false and defamatory statements about Plaintiff and the conditions of her properties on unfounded complaints for issuing numerous citations to side step Plaintiff seeking an emergency/prohibitory injunction and counterclaim against city's abandoned public nuisance complaint that was ultimately dismissed on November 7, 2024 for lack of prosecution. These statements included, but were not limited to, allegations of causing financial burden to the city's unlawful obstruction of justice to deny

access, lock and board up Plaintiff's property to prevent quashing condemnation, and lead poisoning which were publicly disseminated without proof even while matters were pending with Third Circuit Court of appeals and which different Magistrates dismissed many of City's meritless citations including unfounded lead poisoning allegations filed in bad faith. Moreover, city's public nuisance complaint, counterclaim and motion to quash condemnation is also currently pending with the Commonwealth Court.  Mayor Sorace made further slanderous statements particularly "The property remains condemned because Miss Grivas has not submitted a satisfactory building permit application to bring the property into compliance with city code and lift the condemnation".  Completely contradicting herself on the fact the City acknowledged Plaintiff's compliance of violations and concurred to both injunctions filed in 2021 and 2024.  Yet failed to lift the condemnation or allow Plaintiff access to her home.  On November 2024, Irene filed a Motion to dismiss City's Public Nuisance action for lack of prosecution which the trial court Granted and dismissed City's Public Nuisance action along with Plaintiff's counterclaim without addressing the injunction in the rendered final order which is currently on appeal in the Commonwealth Court of Pennsylvnia.

27.     The statements were made publicly and knowingly at a city council meeting broadcasted to the public and available to an indefinite number of people, thereby meeting the publicity requirement for defamation.  Specifically, the fact the City acknowledged Plaintiff's compliance and abatement of violations concurred to both Injunctions filed in 2022 and 2024.

28.     The statements made by Defendants were false, and Defendants either knew they were false or acted with reckless disregard for their truth, as they were contradicted by ongoing legal assessments and the lack of conclusive environmental testing at the Property.

29.     The statements were defamatory as they imputed unfitness to perform the duties of a property owner, implied lack of integrity in the conduct of business, and prejudiced Plaintiff in her profession. Such statements, particularly regarding legal filings and lead poisoning, were capable of damaging Plaintiff's reputation in the community and among peers.

30.     The defamatory statements were clearly intended to refer to Plaintiff, and those hearing or seeing them would understand them to refer to Plaintiff, as she was explicitly named and discussed in the context of the property disputes.

31. As a direct and proximate result of the defamatory statements made by Defendants, Plaintiff has suffered significant damages including emotional distress, harm to her reputation, and economic losses due to the impaired ability to rent her property. The defamatory statements have created a hostile environment that has deterred potential business relationships and tenants.

32. The actions of Defendants, particularly given their public and influential capacities, were performed with malice, wantonness, and reckless disregard for the truth and Plaintiff's rights, warranting compensatory and punitive damages.

**COUNT II: VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983) (Against All Defendants)**

33. Plaintiff reiterates and incorporates herein by reference all preceding paragraphs of this Complaint as though fully set forth herein.

34. Defendants, under color of state law, have deprived Plaintiff of her rights secured by the Constitution and laws of the United States, specifically the right to due process and equal protection under the Fourteenth Amendment.

35. At all times pertinent to this Complaint, Defendants were acting in their official capacities and under the color of state law. Defendants engaged in conduct that constituted a pattern and practice of harassment, selective enforcement, and biased legal processes aimed at Plaintiff, which are actionable under 42 U.S.C. § 1983.

36. Plaintiff was deprived of her property without due process of law. The condemnation, the denial of access to her property, and the refusal to fairly assess and respond to her permit applications without a proper hearing or legal right of appealing additional illegal building codes inspections to a fair trial, constitute a denial of procedural due process.

37. Defendants' actions were so egregious, arbitrary, and conscience shocking that they amounted to a gross violation of Plaintiff's substantive due process rights. Defendants' use of their power had no reasonable justification in the service of a legitimate governmental objective.

38. Plaintiff was treated differently from other property owners, with Defendants allowing other similarly situated properties to remain uncondemned and unbothered despite similar or worse conditions. Such properties as: 105 Ruby Street, 227 W. James, 336 Pearl, 17 S. Mary, and 334 Coral Street in Lancaster, Pennsylvania. This selective treatment was based on arbitrary

and discriminatory criteria and lacks a rational basis, thus violating Plaintiff's right to equal protection.

39. Defendants conspired among themselves and with others, including local business groups and investors, to interfere with Plaintiff's civil rights by manipulating legal and administrative processes. This conspiracy was aimed at depriving Plaintiff of her legally protected rights under the guise of legal and administrative actions.

40. As a direct result of Defendants' actions, Plaintiff has suffered damages including, but not limited to, loss of property use, emotional distress, damage to reputation, and financial harm. Defendants' actions have directly caused a deprivation of Plaintiff's civil rights, for which she seeks redress.

**COUNT III: SLANDER PER SE (Against Mayor Danene Sorace)**

41. Plaintiff reiterates and incorporates herein by reference all preceding paragraphs of this Complaint as though fully set forth herein.

42. Mayor Danene Sorace publicly made false and defamatory statements regarding Plaintiff, alleging that Plaintiff has caused the City extensive financial harm through frivolous legal actions, and falsely accusing Plaintiff of maintaining properties under hazardous conditions without evidence.

43. These statements were made orally in a public forum during a City Council meeting, are documented in public minutes and media, and were intended to be and were disseminated to the public.

44. The statements qualify as slander per se because they impute to Plaintiff a lack of professional competence and criminal activity, specifically suggesting malicious exploitation of public resources and neglect of property standards, which could dissuade others from associating or dealing with Plaintiff.

45. As a direct result of these defamatory statements, Plaintiff has suffered public humiliation, emotional distress, damage to her reputation, and economic harm due to the tarnishing of her character in the community and amongst professional circles.

**COUNT IV: CONSPIRACY TO DEPRIVE CIVIL RIGHTS (Against All Defendants)**

46. Plaintiff reiterates and incorporates herein by reference all preceding paragraphs of this Complaint as though fully set forth herein.

47. Defendants, along with unnamed co-conspirators, conspired to deprive Plaintiff of her civil rights through coordinated actions and legal manipulations aimed at damaging Plaintiff's property rights and silencing her complaints.

48. This conspiracy included, but was not limited to, improper influence on legal proceedings, manipulation of public meetings, and orchestrated efforts to publicly defame and isolate Plaintiff.

49. These actions are actionable under 42 U.S.C. § 1985, which prohibits conspiracies to interfere with civil rights, including preventing the lawful authority of one from providing equal protection of the laws.

50. The conspiracy was intended to, and did, directly result in harm to Plaintiff's legal standing, property rights, and public reputation.

**COUNT V: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (Against All Defendants)**

51. Plaintiff reiterates and incorporates herein by reference all preceding paragraphs of this Complaint as though fully set forth herein.

52. Defendants engaged in extreme and outrageous conduct with the intention of causing, or recklessly disregarding the probability of causing, emotional distress to Plaintiff.

53. Defendants' actions, including unwarranted legal actions, public defamation, and discriminatory enforcement practices, were calculated to cause severe emotional distress or were done in reckless disregard of causing such distress.

54. As a direct result of Defendants' conduct, Plaintiff has suffered severe emotional distress manifested by anxiety, stress, humiliation, and depression.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Irene Grivas, respectfully requests that this Court:

i. Declare that the actions of the Defendants violated Plaintiff's constitutional and statutory rights as set forth in the Complaint.
ii. Grant lifting the Injunction of Plaintiff's home with issued occupancy license.
iii. Award Compensatory Damages against all Defendants for the injuries and losses suffered by Plaintiff as a direct and proximate result of Defendants' actions, in an amount to be determined at trial.
iv. Award Punitive Damages against all Defendants to punish and deter the reprehensible conduct described herein, in an amount appropriate to reflect the egregiousness of Defendants' conduct and to ensure that such actions are not repeated.
v. Grant Injunctive Relief by ordering the Defendants to cease their unlawful practices and correct the records and statements made against Plaintiff, including a public retraction and apology for the defamatory and false statements made.
vi. Award Costs and Attorney's Fees under 42 U.S.C. § 1988 and other applicable laws, for the expenses incurred by Plaintiff in bringing this action.
vii. Order an Independent Investigation into the practices and policies of the City of Lancaster that have led to the violations of Plaintiff's rights, with findings to be made public to prevent future occurrences.
viii. Grant Such Other and Further Relief as this Court deems just and proper under the circumstances.

Dated this 18th day of December, 2024.

                                              Respectfully submitted,

                                              BY: /s/ Irene Grivas
                                                  Irene Grivas, Pro Se
                                                  426 S. West End Avenue
                                                  Lancaster, PA 17603
                                                  717 291-5790

[Clerks Office Only]
*Submission Details*
*No Value*

Name:
Irene Grivas

Email Address:
*If you provide your email address you are consenting to service by email. You will receive notice of court documents, as well as documents filed by other parties in the case, at the email address you provide and not via U.S. mail*
agapegarden2@yahoo.com

Phone Number
717 291-5790

Are you filing a new case?
*If you are filing a new case, you must pay the filing fee and administrative fee to the Clerk of Court to proceed with your case. If you cannot afford to pay those fees, you must file a motion to proceed without prepayment of the fees, known as a motion to proceed in forma pauperis. Please see the Court's website for instructions regarding how to pay the fees and forms for proceeding in forma pauperis.*
Yes, I'm filing a new case.

Case Caption
*Enter the caption of the case in which you are filing the same way that the case caption appears on the docket. If you are filing a new case, enter NEW CASE in the field below.*
Irene Grivas v. Danene Sorace, et, al.,

Case Number
*Enter the number of the case in which you are filing. To file a document in more than one case, you must complete this form for each case in which you would like to file the document. Failure to include your case number may result in processing delays and/or the misfiling of your paper. If you do not know your case number, you can contact the Clerk's Office by emailing PAED_clerksoffice@paed.uscourts.gov. If you are filing a new case, enter NEW CASE in the field below.*
New Case

Description of Document(s)
*Please provide a brief description of the document or documents that you are filing. For example, some common submissions are "Complaint," "Motion to Proceed In Forma Pauperis," "Amended Complaint," "Motion," "Response," "Notice," "Exhibit." The description will assist the Clerk's Office in timely processing your document and will not necessarily appear on the docket.*
New Complaint and Exhibits

Terms of Submission
*By submitting these documents to the Court, I represent the following: (1) I am intending to file, or am submitting on behalf of an individual who intends to file, the attached document(s) with the United States District Court for the Eastern District of Pennsylvania. (2) This filing is made in compliance with Federal Rule of Civil Procedure Rule 11, which requires me to sign documents that I submit to the Court for filing, and all applicable statutes and court rules to the best of my ability. (3) I consent to accept service of all notices and papers regarding this case at the email address I have provided. I understand that I will no longer receive service of orders and other court documents by mail. I agree to promptly notify the Clerk of Court if there is any change to my email address. (4) I understand that use of the EDS system may be terminated for non-compliance or abuse of this privilege.*
Yes

Do you have a mailing address?
Yes

Select 'Yes' if you do not have a mailing address.
*No Value*

Mailing Address Line 1
*Please include a current mailing address where you can be reached by the Court. Enter N/A if you do not have a mailing address.*
426 S. West End Avenue

Mailing Address Line 2
*No Value*

City:
*Enter NA if not applicable.*
Lancaster

State:
*Enter NA if not applicable.*
Pennsylvania

Zip Code:
*Enter NA if not applicable.*
17603

Other
*No Value*