UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IRENE GRIVAS, : | |
|     Plaintiff, : | |
| : | |
| v. : | No. 5:24-cv-6923 |
| : | |
| DANENE SORACE, *MAYOR OF* : | |
| *LANCASTER, PENNSYLVANIA, et al.*, : | |
|     Defendants. : | |

**O P I N I O N**
**Defendants Danene Sorace, John Lefever, Randy King, Rebecca Geiser, Stefany Snyder, Amanda Bakay, James Nixon, Sheila V. O'Rourke, and the City of Lancaster's Motion to Dismiss, ECF No. 47 — Granted in part**

**Joseph F. Leeson, Jr.**                                                        June 30, 2025
**United States District Judge**

I.     **INTRODUCTION**

This case involves an unusually large number of pleadings and motions. Since the Second Amended Complaint ("SAC")[1] was filed in April, *see* ECF No. 39, there have been Motions to Dismiss, *see* ECF Nos. 47, 60, 63, 80; Motions for Judgment on the Pleadings, *see* ECF Nos. 55, 69; and other various Motions for miscellaneous relief filed by the *pro se* Plaintiff in this matter, *see* ECF Nos. 51-52, 61, and 70.[2] It therefore becomes necessary that the Court apply an organized structure to the case. What is also clear is that this suit is premised on the same grounds as another before this Court which is presently stayed pursuant to *Younger*. While

---

[1] While the document at ECF No. 39 is titled "First Amended Complaint," it is indeed the Second Amended Complaint. *See* ECF Nos. 1, 3.
[2] Many of these miscellaneous Motions appear frivolous with only a cursory glance. For example, the "Motion to Proceed and Request for Scheduling Order," *see* ECF No. 61, contains a dialogue between Plaintiff and ChatGPT. The resultant document then contains frivolous legal arguments such as arguing that a counterclaim amounts to "consciousness of guilt." *Id*. The document also contains citations to nonexistent local rules. *Id*.

the claims in the instant case seem to try to expand on those claims, Plaintiff cannot avoid that stay by simply bringing a new suit altogether. Accordingly, for the reasons that follow, the Court will again apply the *Younger* abstention to stay the instant case.

## II.   BACKGROUND

### A.   The Original Suit

The instant case is related, both in fact and law, to the case docketed at 5:24-cv-245 before the Undersigned. That case, as outlined in a prior Opinion of this Court, concerns the following:

> Generally, the Complaint seeks to "escalate this matter in Federal Court due to unfairness and impartiality" of the state court proceedings. [ECF No. 1, at 1]. Those state court proceedings began back in September of 2021 when the City of Lancaster filed a nuisance action against Irene Grivas. *Id*. Irene's property was/is infested with rodents and plagued by other maintenance violations. *See* Compl., 9/21/2021, No. CI-21-06503 (C.P. Lancaster). The nuisance complaint sought an injunction to prevent Irene from renting the property until the violations were cured. *Id*.
>
> Throughout her Complaint, Irene avers that the City of Lancaster and the Lancaster County Court of Common Pleas have infringed upon her Fourth, Fifth, and Fourteenth Amendment rights. *See* [ECF No. 1, at 3-4]. She asks that this Court lift the condemnation, change the venue of the nuisance case, vindicate her constitutional rights, and award monetary relief. *Id*. at 16-17.

*Grivas v. City of Lancaster*, No. 24-CV-0245, 2024 WL 2874555, at *1 (E.D. Pa. June 7, 2024). In that same Opinion, the Court abstained from hearing the claims for injunctive relief while staying those for monetary damages pursuant to the *Younger* abstention doctrine. *Id*. at *4. That stay is still in effect and the parties have been ordered to notify the Court of the conclusion of the state litigation. *See Irene Grivas v. City of Lancaster*, No. 5:24-cv-245 (E.D. Pa. filed Jan. 12, 2024), at ECF No. 32.

B.   **The Instant Case**

Here, the Second Amended Complaint is a long way from the "short and plain" statement Rule 8 of the Federal Rules of Civil Procedure requires. Regardless, Plaintiff complains that on September 21, 2021, the City of Lancaster wrongfully condemned her property located at 901 Manor Street in Lancaster Pennsylvania. *See* SAC ¶¶ 24-25. That is the same proceeding she complained of in the case docketed at 5:24-cv-245. The instant case also generally asserts the same violations of her constitutional rights. *See id*. ¶¶ 59-66. However, she has now added claims only tangentially related to the condemnation.

For instance, she accuses primarily Mayor Danene Sorace of defamation arising out of statements made about the property, the litigation, and Plaintiff herself. *See id*. ¶¶ 51-58, 67-71. Moreover, Plaintiff accuses Sheila O'Rourke, an attorney for the City, of, *inter alia*, engaging in malicious abuse of process and "bad faith litigation" arising out of her general litigation of both the nuisance action and the stayed action. *See id*. ¶¶ 81-84.[3]

III.   **LEGAL STANDARDS**

A.   **The *Younger* Abstention Doctrine – Review of Applicable Law**

As a general matter, a federal court has an obligation to hear a case properly brought within its jurisdiction. *Borowski v. Kean Univ*., 68 F.4th 844, 849 (3d Cir. 2023). "*Younger* abstention is an exception to that rule that applies when certain types of state proceedings are ongoing at the time a federal case is commenced." *PDX N., Inc. v. Comm'r New Jersey Dep't of Lab. & Workforce Dev*., 978 F.3d 871, 882 (3d Cir. 2020). "Abstention serves a dual-purpose in these situations: (1) to promote comity, 'a proper respect for state functions,' by restricting

---

[3]   Plaintiff also claims that her past attorneys were professionally negligent in handling this litigation on her behalf. *See e.g.* SAC ¶¶ 14-17. However, Plaintiff does not assert specific causes of action against them in numbered Counts like her other claims.

federal courts from interfering with ongoing state judicial proceedings and (2) to restrain equity jurisdiction from operating when state courts provide adequate legal remedies for constitutional claims and there is no risk of irreparable harm." *Id*. (quoting *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013)).

The *Younger* abstention extends to only "three classes of cases: (1) state criminal prosecutions, (2) state civil enforcement proceedings, and (3) state civil proceedings involving orders in furtherance of the state courts' judicial function." *ACRA Turf Club, LLC v. Zanzuccki*, 748 F.3d 127, 138 (3d Cir. 2014). In addition, where the underlying matter concerns a state civil enforcement proceeding, the case must satisfy the *Middlesex* conditions in that the state proceeding: "(i) [is] ongoing and judicial in nature; (ii) implicate[s] important state interests; and (iii) afford[s] an adequate opportunity to raise federal claims." *Borowski*, 68 F.4th at 849.

B. **Rule 42(a) of the Federal Rules of Civil Procedure – Review of Applicable Law**

Rule 42(a) of the Federal Rules of Civil Procedure provides that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." The rule "confers upon a district court broad power, whether at the request of a party or upon its own initiative, to consolidate causes for trial as may facilitate the administration of justice." *Ellerman Lines, Ltd. v. Atl. & Gulf Stevedores, Inc.*, 339 F.2d 673, 675 (3d Cir. 1964). "Whether a common question of law or fact exists is the threshold requirement for determining whether consolidation is permissible." *Easterday v. Federated Mut. Ins. Co.*, No. CIV.A. 14-1415, 2015 WL 1312684, at *2 (E.D. Pa. Mar. 24, 2015).

## IV.   ANALYSIS

The Court finds that the proper way forward entails a two-part solution.  First, this case will also be stayed pursuant to the *Younger* abstention.  Second, when this stay is lifted, consolidation of the actions is appropriate.

### A.   *Younger* Abstention

Plaintiff again seeks, *inter alia*, monetary damages and injunctive relief arising out of what she perceives to be violations of her constitutional rights in the course of securing and enforcing a condemnation on her Manor Street property.  *See* SAC ¶ 3, 24-25, 59-66, 72-76; *see also* SAC at p. 26.  The Lancaster Defendants argue that where the instant case brings essentially the same claims as the matter docketed at 5:24-cv-245, the same result is compelled and the *Younger* abstention should be applied.  *See* ECF 47-1, at 40-42.  The Court agrees.

First, the underlying actions fit into the second class of *Younger* abstention cases: civil enforcement actions.  The Supreme Court has described such actions as "characteristically initiated to sanction the federal plaintiff, i.e., the party challenging the state action, for some wrongful act."  *Sprint Commc'ns, Inc,.* 571 U.S. at 79.  The underlying actions fit that mold.  The underlying nuisance action entailed the City (a state actor) initiating, obtaining, and executing a warrant to investigate a rodent infestation and code violations at the Manor Street property.  As this Court reasoned in the matter docketed at 5:24-cv-245, that nuisance action was of the sort contemplated by the *Younger* abstention.  *See Grivas*, 2024 WL 2874555 at *3.  So too is the condemnation enforcement action Plaintiff seeks to enjoin here.  That action was initiated by the City of Lancaster and sought to enjoin Plaintiff from using the Manor Street property until all violations of City Ordinances had been abated.  *See* ECF No. 47, Ex. D.

The instant matter also satisfies the *Middlesex* factors.  The Court takes judicial notice[4] of *at least* one ongoing state proceeding arising out of the underlying condemnation.  On March 4, 2025, the City of Lancaster was granted a preliminary injunction enjoining Plaintiff from using the Manor Street property and permitting the City to lock the property while the administrative condemnation remained in effect.  *See* ECF No. 47, Ex. E.  Plaintiff has since appealed that Order to the Commonwealth Court.  *See* Ex. G, H.  That injunction arises out of the action filed on February 6, 2025, and docketed at *City of Lancaster v. Irene Grivas*, No. CI-25-00813 (C.C.P. Lancaster County, Feb. 6, 2025).  Here, Plaintiff complains of and seeks to enjoin (or dissolve) that very same injunction.  *See* SAC ¶¶ 33-34, 59-66; *see also* SAC at p. 26.

Second, the underlying nuisance action and condemnation enforcement proceedings implicate an important state interest.  *See Herrera v. City of Palmdale*, 918 F.3d 1037, 1045 (9th Cir. 2019) (finding a nuisance action implicates an important state interest.); *see also Rufo v. Fox*, No. CV 21-2861, 2021 WL 5399912 at *5 (E.D. Pa. Nov. 18, 2021) (finding that a conservatorship action designed to reform buildings which fall below "applicable municipal codes or standards for public welfare or safety" implicates an important state interest.)

Finally, with regard to the last *Middlesex* factor, the Court notes that it is Plaintiffs burden "to show 'that state procedural law barred presentation of [its] claims.'" *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14 (1987) (quoting *Moore v. Sims*, 442 U.S. 415, 432 (1979)).  On this point, Plaintiff only vaguely argues that the state court "lack[s] the structural adequacy to address" her concerns.  *See* ECF No. 59, Resp. at ¶ 40.  This is insufficient.

---

[4]   *See Sturgeon v. Pharmerica Corp.*, 438 F. Supp. 3d 246, 257 (E.D. Pa. 2020) ("publicly available records from other judicial proceedings may be judicially noticed in the context of a motion to dismiss.")

Where *Younger* applies, the Court must next determine whether to dismiss or stay the case. Resolving that question turns on the nature of the relief sought. *Borowski*, 68 F.4th at 850. If the claim is for injunctive or declaratory relief, the federal court must dismiss the case. *Id.* "Alternatively, if the federal lawsuit seeks only damages, then a federal court cannot dismiss the suit but may, in the exercise of its discretion, stay the case for the pendency of the state proceedings." *Id.* Finally, "if a suit with a claim for damages also seeks injunctive or declaratory relief, a federal court has discretion not only to stay the damages claim but also to dismiss any claims for injunctive and declaratory relief outright or to stay them, potentially alongside the stayed claim for damages." *Id.*

Because Plaintiff seeks both injunctive relief and monetary damages, the Court finds it appropriate to dismiss the claims for injunctive relief while staying those seeking monetary damages. *See Burg v. Platkin*, No. CV 24-10076 (RMB/AMD), 2024 WL 5198776 at *7 (D.N.J. Dec. 23, 2024) (dismissing claims for injunctive and declaratory relief while staying those for money damages pursuant to *Younger*.)

B.     **Consolidation Pursuant to Rule 42 of the Federal Rules of Civil Procedure**

Next, as noted, the Court has broad discretion to consolidate like matters, including the power to do so *sua sponte*. *See Ellerman Lines,* 339 F.2d at 675. That discretion even extends to cases, like the one at bar, in which there is not a perfect overlap in parties. *See Boynes v. Limetree Bay Ventures, LLC*, No. CV 2021-0253, 2024 WL 898245, at *6 n.14 (D.V.I. Mar. 1, 2024) (citing *Patel v. Coinbase Glob., Inc.*, 2022 U.S. Dist. LEXIS 223170, at *5 (D.N.J. Dec. 12, 2022) ("Rule 42(a) does not require that pending suits be identical before they can be consolidated.")); *see also Averhart v. Communs. Workers of Am.*, 2016 U.S. Dist. LEXIS 61257, at *4 (D.N.J. May 9, 2016) (noting that cases were consolidated notwithstanding the presence of

"a few additional defendants" in one of the actions); *Choe-Rively v. Vietnam Veterans of Am. Chapter 83*, 135 F. Supp. 2d 462, 465 (D. Del. 2001) ("Although the second action included several different parties and claims, the court consolidated the two cases").

Further, while the presence of common questions of law or fact are a necessary precondition to consolidation, they are not alone dispositive. *See Freeman on behalf of Tesla, Inc. v. Musk*, 324 F.R.D. 73, 78 (D. Del. 2018). Rather, courts will also balance commonality with considerations of prejudice, efficiency, and expense. *Resnik v. Woertz,* 774 F. Supp. 2d 614, 624-25 (D. Del. 2011). Here, that balance counsels in favor of consolidating the cases. It is important to note that the Court expressly deferred addressing the merits in the separate action docketed at 5:24-cv-245. *See Grivas*, 2024 WL 2874555 at *4 n.7. That action is also stayed pursuant to *Younger*. Thus, the most appropriate course is to extend the stay to the instant case, await the conclusion of state proceedings, and *then* consolidate the two cases (which are both at their early stages).

Further, "Courts have interpreted Rule 42(a) as authorizing the filing of a unified or master complaint." *See* 9A Fed. Prac. & Proc. Civ. § 2382 (3d ed.). The Court finds that this course will be appropriate in the instant case once the stay is lifted. The result of this approach is that the Court will be able to efficiently address all claims at the same time. This has the added benefit of easing the expense of this litigation on Defendants who have undoubtedly incurred significant costs responding to Plaintiff's filings. For these reasons, the Court will not decide these Motions, or any others, during the pendency of the stay.

## V. CONCLUSION

For the above noted reasons, the Court will dismiss Plaintiff's claims for injunctive relief while staying those for money damages pursuant to the *Younger* abstention.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge